

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 26, 1966

Honorable Jesse James
State Treasurer
Austin, Texas

Opinion No. C-667

Re: Whether Wilbarger
County Hospital
District Bonds,
issued January 1,
1966, may be accepted
as collateral se-
curity for state
deposits.

Dear Mr. James:

You have requested an opinion as to whether Wilbarger County Hospital District Bonds, issued January 1, 1966, may be accepted as collateral security for state deposits.

Article 2529, Vernon's Civil Statutes, is the general statute setting out classes of securities which may be pledged as security for state deposits. County hospital district bonds are not specifically enumerated in Article 2529 and could be eligible under this statute, only if they could be considered "tax bonds of municipal corporations". This office has on several occasions held that the reference to "municipal corporations" in Article 2529 is limited to cities, towns, and villages. See Attorney General's Opinions No. O-152 (1939), O-2182 (1940), and C-664 (1966), copies of which are enclosed herewith. Thus, the bonds in question are not eligible under Article 2529.

Thus, such bonds are eligible only if the statute creating the Wilbarger County Hospital District and authorizing the issuance of its bonds, specifically decrees that such bonds are eligible as security for state deposits.

The pertinent statute is Article 4494q-22, Vernon's Civil Statutes, Sec. 16 of which provides as follows:

"Sec. 16. All bonds issued by the district authorized to be established and created under the provisions of this Act shall be and are declared

to be legal and authorized investments for banks, savings banks, trust companies, building and loan associations, insurance companies, fiduciaries, trustees, guardians, and for the sinking funds of cities, towns, villages, counties, school districts, or other political corporations or subdivisions of the State of Texas; and such bonds shall be lawful and sufficient security for deposits to the extent of their face value when accompanied by all unmatured coupons appurtenant thereto." (emphasis ours)

The question, then, is whether the emphasized portion of Sec. 16 includes state deposits or is limited to deposits of the other entities listed in Sec. 16.

Prior to 1963 the Attorney General of Texas had the duty of approving the eligibility of all bonds offered as security for state deposits. It was the settled policy of this office not to approve the eligibility of securities unless they were listed in Article 2529 or unless the statute authorizing issuance of the particular bonds also provided in specific terms that such bonds would be eligible. The same policy has been adhered to by the State Treasurer. Under this long-standing construction the bonds herein in question would not be considered eligible.

It is a settled rule of statutory construction that the Legislature is presumed to have known the construction placed on the same or a similar statute by executive or administrative officers. 53 Tex. Jur. 2nd. 276, Statutes, Sec. 183, and cases cited thereunder. Thus, the Legislature, in enacting Sec. 16 of Article 4494q-22, in 1965, would be presumed to have known of the interpretation followed by the Attorney General and the State Treasurer in regard to eligibility as security for state deposits and did not intend that the bonds issued by the Wilbarger County Hospital District to be eligible as security for such deposits.

This conclusion is further strengthened by the fact that such an interpretation does not rob the underlined portion of Sec. 16 of meaning but rather makes the entire section more reasonable and logical in that the "deposits" referred to in the underlined portion would then simply refer back to the entities listed earlier in Sec. 16, i.e., cities, towns, villages, etc.

The validity of this interpretation is made still greater by considering Sec. 16 of Article 4494q-22 "in pari materia" with other statutory provisions bearing on the same subject. In making such comparisons we find that the same Legislature that enacted Article 4494q-22 also enacted Article 2815r-2, pertaining to the issuance of revenue bonds by junior college districts, Sec. 7 of which reads as follows:

> "Sec. 7. All such bonds and notes shall be and are hereby declared to be legal and authorized investments for banks, savings banks, trust companies, building and loan associations, saving and loan associations and insurance companies. Such bonds and notes shall be eligible to secure the deposit of any and all public funds of the State of Texas and any and all public funds of cities, towns, villages, counties, school districts, or other political corporations or subdivisions of the State of Texas, and such bonds and notes shall be lawful and sufficient security for said deposits to the extent of the principal amount thereof, or their value on the market, whichever is the lesser, when accompanied by all unmatured coupons appurtenant thereto."

In Sec. 7 of Article 2815r-2 it is completely clear that bonds issued under that article were intended to be eligible as security for state deposits. Comparing its language with that in Sec. 16 of Article 4494q-22 it is equally clear that bonds issued under the latter article were not intended to be eligible for such, because to hold otherwise would be, in effect, to render meaningless and useless the language utilized in Article 2815r-2.

### S U M M A R Y

Wilbarger County Hospital District Bonds may not be accepted as security for state deposits.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

James M. Strock

JMS:vg

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Fainter
John Reeves
Harry Gee
Roy Johnson

APPROVED FOR THE ATTORNEY GENERAL
By:   T. B. Wright